## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ZENO GREEN III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-00127-N |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Zeno Green III brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have consented to the exercise of jurisdiction by, and this case has been ordered referred to, the undersigned United States Magistrate Judge for all proceedings in this Court pursuant to 28 U.S.C. § 636(c). *See* Docs. 22 and 24.

Upon consideration of the administrative record ("R.") (Doc. 14), Plaintiff's Brief (Doc. 17), the Commissioner's Brief (Doc. 18), and the arguments presented at the hearing held November 4, 2014 (*cf.* Docs. 20-22), the Court has determined that the Commissioner's decision denying Plaintiff's benefits should be **AFFIRMED**.[1]

## I.   Procedural Background

---

[1] Any appeal taken from this memorandum opinion and order and simultaneously entered separate judgment may be made directly to the Eleventh Circuit Court of Appeals. *See* Doc. 23.

Plaintiff filed applications for DIB in August 2008 and for DIB and SSI in March 2011 (*see* R. 321-327, 338-345), alleging a disability onset date of July 7, 2008. *See* R. 321, 338, 340. His applications were initially denied. *See* R. 79-81, 104-107. Hearings were conducted before an Administrative Law Judge ("ALJ") on December 21, 2009 (*see* R. 58-78) and, following remand from the Appeals Council (*see* R. 108-112), on November 19, 2012. *See* R. 28-57. On January 11, 2013, the ALJ issued the decision, now before this Court, finding Plaintiff not disabled. R. 10-27.  The Appeals Council issued a decision declining to review the ALJ's determination on January 18, 2014. *See* R. 1-4. The Commissioner's decision being final for purposes of judicial review (*see* 20 C.F.R. § 404.981), a complaint was filed in this Court on March 18, 2014. *See* Doc. 1.

## II.    <u>Factual Background</u>

Mr. Green, the Plaintiff in this case, is a resident of Bay Minette, Alabama, born January 15, 1981. Doc. 1 at 1; R at 321. He was 31 at the time of the remand hearing before the ALJ. Doc. 17-1 at 1. He has completed high school but does not have any further education or vocational training. R. at 63. His past work experience includes positions as a store laborer, a press punch operator, and a concrete pipe of maker. R. at 20, 48. However, he has not worked since before the alleged onset date of July 2008. R. at 15. Mr. Green suffers from significant bone deformity, referred to as pes planovargus or flat-footedness, in both feet. R. at 502. He had serious corrective surgery involving bones grafts, referred to as triple arthrodesis, on his right foot in September 2008. *Id.* His physician has recommended that he have the

same surgery on the left foot. R. at 503. Mr. Green utilizes lace-up ankle braces on

both feet and a cane. *Id.*

### III.   Standard of Review and Claims on Appeal

In all Social Security cases, a plaintiff (sometimes referred to as a claimant)

bears the burden of proving that he or she is unable to perform his or her previous

work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether

that burden has been met, and thus a claimant has proven that he or she is disabled,

the examiner (most often an ALJ) must consider the following four factors: (1)

objective medical facts and clinical findings; (2) diagnoses of examining physicians;

(3) evidence of pain; and (4) the plaintiff's age, education, and work history (*see id*);

and, in turn,

> uses a five-step sequential evaluation to determine whether the
> claimant is disabled, which considers: (1) whether the claimant is
> engaged in substantial gainful activity; (2) if not, whether the claimant
> has a severe impairment; (3) if so, whether the severe impairment
> meets or equals an impairment in the Listing of Impairments in the
> regulations; (4) if not, whether the claimant has the [residual functional
> capacity, or] RFC[,] to perform her past relevant work; and (5) if not,
> whether, in light of the claimant's RFC, age, education and work
> experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Soc. Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. 2012) (per

curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v.

Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)).

If a plaintiff proves that he or she cannot do his or her past relevant work, it

then becomes the Commissioner's burden to prove that the plaintiff is

capable—given his or her age, education, and work history—of engaging in another

kind of substantial gainful employment that exists in the national economy. *Id.*; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, but importantly, although "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the Commissioner's decision to deny a plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla but less than a preponderance, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). "Even if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is ***supported by*** substantial evidence." *Id.* (citing *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)) (emphasis added).

On appeal to this Court, Plaintiff asserts three reasons why the

4

Commissioner's decision to deny benefits is in error (*i.e.,* not supported by substantial evidence):

(1)     The ALJ erred "by failing to give enough weight to the opinions of the examining orthopedic specialist, Raymond Fletcher, M.D., and also the consultative examiner, Tracy Jacobs, M.D., and [by] giving too much weight to the opinions of a non-examining medical consultant, Dr. Lorber." Doc. 17 at 4;

(2)     The ALJ erred "in failing to properly evaluate the pain of Mr. Green, which is supported by the opinions of two consultative physicians, Dr. Fletcher and Dr. Jacobs." *Id.*

(3)     The decision of the ALJ "is internally inconsistent, finding that Mr. Green is limited to only sedentary work, but also finding that Mr. Green can perform jobs at the light level of physical exertion, and the ALJ further erred in ignoring VE [vocational expert] testimony regarding the position of Ticket Taker." *Id.*

The Court will address each issue separately below.

## IV. <u>Analysis</u>

### A.     **The ALJ gave reasonable weight to the opinions of each of the medical experts.**

At Step Four,

the ALJ must assess: (1) the claimant's residual functional capacity ("RFC"); and (2) the claimant's ability to return to her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). As for the claimant's RFC, the regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. § 404.1545(a). Moreover, the ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e). Furthermore, the RFC determination is used both to determine whether the claimant: (1) can return to her past relevant work under the fourth step; and (2) can adjust to other work under the fifth step, discussed below. 20 C.F.R. § 404.1520(e).

If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv) & (f). If the claimant cannot return to her past relevant work, the ALJ moves on to step

five.

> In determining whether [a claimant] can return to her past relevant work, the ALJ must determine the claimant's RFC using all relevant medical and other evidence in the case. 20 C.F.R. § 404.1520(e). That is, the ALJ must determine if the claimant is limited to a particular work level. See 20 C.F.R. § 404.1567.4 Once the ALJ assesses the claimant's RFC and determines that the claimant cannot return to her prior relevant work, the ALJ moves on to the fifth, and final, step.

*Phillips*, 357 F.3d at 1238-39 (footnote omitted).

The ALJ, "[a]fter careful consideration of the entire record," found that

Plaintiff

> has the residual functional capacity to perform sedentary work as defined in 20 CFR § 404.1567(b) *except* [Plaintiff] can lift 20 pounds on an occasional basis and 10 pounds on a frequent basis. During an 8-hour workday, he can sit at least 8 hours with normal breaks and stand and walk in combination no more than 2 hours per day for only 30 minutes at one time. He can perform no more than frequent bending, stooping, crouching or kneeling and no more than occasional crawling. He could perform no work at unprotected heights, no climbing ladders, ropes scaffolding and only occasional climbing stairs or ramps.

R. at 16 (emphasis added).

In making this determination, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," as well as "opinion evidence" based on the requirements of relevant regulations and agency rulings. *Id.* The ALJ specifically considered, *inter alia*, the reports or records of Dr. Paul Canale, a treating orthopedic surgeon; Dr. Raymond Fletcher, an examining orthopedic surgeon; Dr. Tracey Jacobs, an examining general practitioner; and Dr. Arthur Lorber, a non-examining orthopedic surgeon. R. at 17-18.

6

Generally, "more weight" is given to the opinions of treating physicians than non-treating physicians and to the opinions of examining physicians over non-examining physicians. 20 C.F.R. § 404.1527. Likewise, more weight is given to opinions which are "more consistent" with the record as whole and to those which come from a specialist. *Id.* Dr. Canale did not make any evaluation of the Plaintiff's ability to perform work, but did make note of Plaintiff's progress concerning pain, which is addressed below. R. at 17-18, 461-66.

The ALJ's conclusions about Plaintiff's RFC follow closely those of Dr. Fletcher, whose evaluation concluded that Plaintiff could do sedentary to light work activity. R. at 16 *accord* R. at 18. This is consistent with the regulations that call for more weight to be given to medical sources such as Dr. Fletcher, who examined the Plaintiff and who is a specialist in orthopedic surgery. *See* 20 C.F.R. § 404.1527; *Glass v. Colvin*, 2014 WL 2707920 at *5 (N.D. Ala. June 12, 2014).

The ALJ gave "more weight" to Dr. Lorber because his opinion evidence was consistent with the opinion of Dr. Fletcher. R. at 19. The ALJ points out that both physicians concluded that Plaintiff would "not be precluded from a range of light work activity," given specific limitations. *Id. accord* R. at 46-7, 503. The limitations which the ALJ placed on Plaintiff's ability to do light work almost exactly correspond with those recommended by Dr. Lorber. R. 16 *accord* R. 46-47. The weight given to Dr. Lorber's testimony is consistent with regulations that call for giving more weight to acceptable medical evidence which is consistent with the rest of the record and which comes from a specialist. *See* 20 C.F.R. § 404.1527; 20 C.F.R. § 416.927.

The ALJ gave "little weight" to the opinion of Dr. Jacobs, who concluded that Plaintiff could not work. R. at 19. More weight was not given because Dr. Jacobs is a general practitioner, while the other two physicians referenced above are orthopedic specialists; she "gave no specific reasons" in support her conclusion; her exam revealed a normal gait and no evidence of muscular atrophy in Plaintiff's legs; and her opinion was not consistent with those of Drs. Fletcher and Lorber. R. at 19 *accord* R. 579-82. This weight evaluation is consistent with regulations calling for opinions to generally be given less weight when they are inconsistent with the rest of the record, when they come from a generalist, and when they are not supported by medical evidence. *See* 20 C.F.R. § 404.1527; 20 C.F.R. § 416.927.

Plaintiff insists, through counsel, that the opinions of Drs. Fletcher and Jacobs, the two examining physicians, are consistent with each other, while the differing opinion of Dr. Lorber, the non-examining physician, is used by the ALJ as the backbone of her decision. Doc. 17 at 13. Plaintiff cites *Lamb v. Bowen* as calling for reversal since the opinion of examining physicians should be preferred. *Id.* at 12; 847 F.2d 698, 703 (11th Cir. 1988) ("The opinions of nonexamining, reviewing physicians, . . . when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence." (citations omitted)).

Plaintiff's contention is contrary to the record. Both Dr. Fletcher and Dr. Lorber conclude that Plaintiff is able to do sedentary to light work. R. at 46-47, 503. Dr. Jacobs's conclusion that Plaintiff cannot work is the inconsistent opinion. *Id.*

*contra* R. at 579-82. This fact is recognized by the ALJ. R. at 19. Rather than the opinion of a non-examining physician being used to discredit those of two examining physician, the opinions of an examining and non-examining physician are used to discredit that of an examining physician. Such use of the evidence by the ALJ is consistent with federal regulations and is consistent with the preferences set by *Lamb. See* 20 C.F.R. § 404.1527; 20 C.F.R. § 416.927; *Campbell v. Astrue*, 2009 WL 1940205 at \*10 (S.D. Ga. July 6, 2009).

    **B.**    **The ALJ did not improperly evaluate Plaintiff's pain.**

Plaintiff next asserts that the ALJ "erred in failing to properly evaluate the pain of Mr. Green, which is supported by the opinions of two consultative physicians, Dr. Fletcher and Dr. Jacobs." Doc. 17 at 15. In making this claim, Plaintiff further asserts that the decision "fails to articulate reasons for discrediting the subjective testimony of Mr. Green regarding his degree of pain . . ." *Id.*

Converse to this claim, ALJ's opinion states that

> "[a]fter careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained above in this decision"

R. at 17. The "reasons explained above" included many inconsistencies that the ALJ felt damaged the Plaintiff's credibility concerning his pain. *Id.* Plaintiff is able to drive, do household cleaning, and leaves the house about every other day. *Id.* Plaintiff began taking Mobic, Flexeril, and Ultram 2-3 days prior to the hearing before the ALJ; prior to that, he had not been taking prescribed medications

[including prescription pain relievers] for 2-3 years before the hearing. *Id.* About three months after Plaintiff's September 2008 major surgery (R. at 486), Dr. Canale indicated that Plaintiff was "doing very well in the pain regard." R at 17 *compare* R. at 476. Additionally, Plaintiff reported that he elevates his feet for several hours daily, but Dr. Lorber thought that this was not necessary. R. at 17 *compare* R. at 54.

In articulating these reasons for finding a lack of credibility, the ALJ has cited acceptable factors for evaluating pain, including daily activities, pain-alleviating medications, and other measures taken to alleviate pain. *See* 20 C.F.R. § 404.1529(c)(4); 20 C.F.R. § 416.929(c)(4). Deference is to be given to the pain credibility determinations of the ALJ. *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984)(citations omitted). As stated above, the standard of review is not whether evidence supports an alternative conclusion, but whether substantial evidence supports the conclusion the ALJ in fact made. In this case, it does.

## C.   The ALJ's opinion is internally consistent and the consideration given to the VE's opinion was justified.

Plaintiff argues that the ALJ's opinion was internally inconsistent because it found that Plaintiff was "limited to only sedentary work," but could also "perform jobs at the light level of exertion." However, this was not what was indicated by the ALJ. The skills and jobs which the ALJ included in Plaintiff's RFC consisted of *all* of "sedentary work" level and *part* of the "light work" level.

First, the ALJ stated that the Plaintiff "can perform sedentary work as defined in 20 CFR § 404.1567 . . . except the [Plaintiff] can lift 20 pounds on an occasional basis and 10 pounds on a frequent basis." R. at 16. Sedentary work

"involves lifting no more than 10 pounds at a time." 20 CFR § 404.1567. The ALJ's inclusion in Plaintiff's RFC of being able to lift 20 pounds indicates that the ALJ was not strictly limiting the Plaintiff to sedentary work.

Secondly, the ALJ's opinion states that Plaintiff's "ability to perform all . . . requirements of [the light] level of work has been impeded by additional limitation. To determine the extent to which these limitations erode the unskilled light occupational based, the [ALJ] asked the vocational expert" whether jobs would be available to the Plaintiff. R. at 20. This indicates that the ALJ's inclusion of light level jobs was predicated on the decision that the Plaintiff was capable of at least some light level work.

As to the ALJ's use of the VE's testimony, the ALJ indicates in her opinion that other questions posed to the VE and not discussed fully in the opinion assumed the veracity of Plaintiff's testimony regarding his symptoms. R. at 21. The ALJ found that "this testimony was not fully credible and not supported by objective testing or the record as a whole." *Id.* This determination of non-credibility is discussed in depth above. Given the change in assumptions, it is reasonable that the ALJ did not depend on those VE responses when determining which jobs the Plaintiff was equipped to perform. *See id.*

Plaintiff contended specifically that the ALJ had erred in ignoring the VE's testimony with regards to the suitability of the position of ticket-taker. Doc. 17 at 18-19. The VE testified that the ticket-taker position would be unsuitable due to the standing requirements, but testified that the position of food and beverage order

11

clerk would be a suitable replacement. R. at 55. The ALJ did not use the food and beverage order clerk position, but rather used the ticket-taker position in her analysis. R. at 21. This is harmless error since the ALJ would have reached the same conclusion that sufficient positions existed within the national economy and the Alabama economy that the Plaintiff could perform. *See, e.g.*, *Diorio v. Heckler*, 721 F. 2d 726, 728 (11th Cir. 1983) (showing that harmless error is insufficient to overturn a Social Security benefits determination).

## V. <u>Conclusion</u>

Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits is **AFFIRMED**.

**DONE** and **ORDERED** this the 24th day of April 2015.

 */s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**